James A. McDevitt
United States Attorney
Eastern District of Washington
Joseph H. Harrington
Assistant United States Attorney
Jerry A. Ackerman
Special Asst. United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
Eastern District of Washington

SEP 24 2009

JAMES R. LARSEN, Clerk
_____ Deputy
Spokane, Washington

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,
    Plaintiff,
  vs.
BIG ASH FINE CIGARS &
TOBACCOS, INC.,
    Defendant.

CR-09-00137-FVS

**PLEA AGREEMENT**

Plaintiff United States of America, by and through James A. McDevitt, United States Attorney for the Eastern District of Washington, and Joseph H. Harrington, Assistant United States Attorney and Jerry Ackerman A. Ackerman, Special Assistant United States Attorney, for the Eastern District of Washington, and Defendant, BIG ASH FINE CIGARS & TOBACCOS, INC. ("BIG ASH, INC."), an Illinois corporation, and its counsel David Groesbeck, and agree to enter the following Plea Agreement:

1.   <u>Guilty Plea and Maximum Statutory Penalty</u>:

The Defendant, BIG ASH, INC. by and through its Corporate Counsel, David Groesbeck, agrees to plead guilty to the Information, dated September 24, 2009. The Defendant agrees to waive presentation of an indictment to a grand

Plea Agreement - 1
P90923dw JHA2.wpd

jury, to execute in open Court a written waiver to that effect, and to proceed by way of an Information.

The Information charges the BIG ASH, INC. with Trafficking Contraband Cigarettes, in violation 18 U.S.C. §§ 2342(a) and 2. The Defendant understands this charge is a Class D felony offense that, for a corporate entity, carries a maximum statutory penalty of: not less than a one year nor more than a five-year term of probation; not more than a $500,000 fine; the payment of restitution; the forfeiture of contraband cigarettes; and a $400 special penalty assessment. *Cf.* 18 U.S.C. §§ 2344, 3571, 3013 and USSG §§ 8D1.2 and 8B1.1.

2.    <u>The Court is Not a Party to the Agreement</u>:

BIG ASH, INC. and the United States understand that the Court is not a party to this Plea Agreement and may accept or reject it. The Defendant also understands: that sentencing is a matter within the sole discretion of the Court; that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximum penalty.

BIG ASH, INC. acknowledges that no promises of any type have been made regarding the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the sentencing range applicable under the Sentencing Guidelines, but that the Court may depart upward or downward from the range.

BIG ASH, INC. also understands that the Court may not accept any of the parties' recommendations set forth in this Plea Agreement. The Defendant understands further that such a circumstance does not provide the corporation a basis for withdrawing from this Plea Agreement or for withdrawing his plea of guilty.

3. <u>Waiver of Constitutional Rights</u>:

BIG ASH, INC. understands that by entering a plea of guilty the corporation is knowingly and voluntarily waiving certain constitutional rights, including: (a.) the right to a jury trial; (b.) the right to see, hear, and question the government's witnesses; (c.) the right to remain silent at trial; (d.) the right to testify at trial; and (e.) the right to compel witnesses to testify. While the Defendant understands it is waiving certain constitutional rights, the Defendant also understands that it will retain the right to be assisted through the sentencing process and the appellate process, if any, by an attorney, who will be appointed at no cost if it cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4. <u>Elements of the Offense</u>:

BIG ASH, INC. acknowledges and agrees that, in order to be found guilty of Trafficking Contraband Cigarettes, in violation 18 U.S.C. §§ 2342(a) and 2, as charge in the Information, the United States would have to prove each of the following elements beyond a reasonable doubt:

First, on or about January 10, 2005, the Defendant knowingly caused to be shipped, transported, or distributed, from the state of Illinois to the state of Washington, in excess of 60,000 cigarettes; and

Second, these cigarettes did not have Washington State cigarette tax stamps affixed to their packaging; and

Third, these cigarettes were contraband, that is unauthorized by Washington State because the Defendant was not a duely licensed wholesaler and did not pre-notify the Washington States Liquor Control Board of the Defendant's intention to transport the cigarettes as required by state law; and

1     Fourth,    these unstamped-contraband cigarettes were shipped to, distributed, and/or seized in the Eastern District of Washington.

5.   **Factual Basis and Statement of Facts**:

BIG ASH, INC. acknowledges and agrees that, in proving the elements of the crime to which it is pleading guilty, the United States can establish the following facts beyond a reasonable doubt, that these facts constitute an adequate basis for its plea of guilty; and that for sentencing purposes, neither party is precluded from presenting additional facts and arguing the relevance of the facts to the Sentencing Guidelines computation or to sentencing generally, unless otherwise prohibited by this Plea Agreement:

    *A.    Regulatory Scheme*

States have the concurrent authority and jurisdiction to enact and enforce cigarette tax laws, to provide for the confiscation of cigarettes, and for the administration of such laws, including the imposition of cigarette tax rates. Washington State, in order to evidence the payment of applicable state cigarette taxes, requires a Washington State authorized stamp, impression, or other indication to be placed on packages or other containers of cigarettes.

In order to address the significant problem of untaxed cigarettes being sold in the state, the State of Washington requires that a Washington State tax paid stamp or a Washington State tax exempt stamp be affixed to the cigarette pack prior to any retail sale. On January 1, 2002, and continuing thereafter to July 2005, the State of Washington imposed a cigarette tax of $14.25 per carton. Unstamped cigarettes could be transported within the State of Washington by: (1) Washington State licensed wholesalers; and (2) persons who had notified the State of Washington prior to the transportation of the unstamped cigarettes. Notification to the State of Washington must be made by providing notice to the Washington State Liquor Control Board, Tobacco Tax Enforcement Program.

1  During the relevant time period in this case Federal law defined the term
2  "contraband cigarettes" as a quantity in excess of 60,000 cigarettes (1) which bear
3  no evidence of the payment of applicable state cigarette taxes in the state where
4  such cigarettes are found, where such state requires a stamp to be placed on
5  packages of cigarettes to evidence the payment of cigarette taxes; and (2) the
6  cigarettes are in the possession of someone other than a person ( i) who is licensed
7  or otherwise authorized by the state to account for and pay cigarette taxes imposed
8  by the state and (ii) who has complied with the accounting and payment
9  requirements relating to such license or authorization with respect to the cigarettes
10 involved. In Washington State, the full tax is applicable to contraband cigarettes
11 found within the State.

    B. *Activity on or about January 10, 20005*

13 On January 10, 2005, a white delivery truck licensed in Illinois and
14 registered to BIG ASH, INC. was stopped at the Washington State Port of Entry
15 and was selected for a random inspection. The driver of the truck, Vykintas
16 Lysenko, stated that he had been hired by BIG ASH, INC. a week before to deliver
17 cigarettes in the Chicago, Illinois area. After being on the job a few days, he was
18 tasked to deliver cigarettes to Washington State. At the time, Vykintas Lysenko
19 was in possession of a BIG ASH, INC. business credit card that had been given to
20 him for expenses.

21 The inspecting Washington State Patrol ("WSP") officer became curious
22 when he learned the paperwork indicated that the truck was hauling cigarettes
23 destined for an Indian smoke shop located in the State of Washington. The WSP
24 officer contacted officers with the Washington State Liquor Control Board
25 ("LCB") Tobacco Tax Enforcement Program. LCB officers arrived and
26 determined that the owner of the cigarettes, BIG ASH, INC., was not a licensed
27 wholesaler in the Washington state and that the State had not been pre-notified of
28 the shipment, so any cigarettes within the van, if over 60,000, were contraband.

Plea Agreement - 5
P90923dw JHA2.wpd

The bill of lading indicated that the truck held 361 cases of cigarettes. Based on the LCB officers' training and experience, merely five cases would usually contain 60,000.

The next day, January 11, 2005, law enforcement officers executed a search warrant on the truck. The officers discovered 19,650 cartons of contraband cigarettes inside the truck. A carton typically contains ten packs of 20 cigarettes per pack or eight packs of 25 cigarettes per pack (i.e., 200 cigarettes). Thus, the 19,650 cartons recovered from the van (i.e., approximately 3,939,000 cigarettes) easily exceeded the 60,000 cigarette "contraband" threshold.

The cigarettes and truck were seized and are the subject of a civil forfeiture action in the Eastern District of Washington. *See United States v. 3,930,000 Cigarettes, et al*, CV-05-0060-LRS.

    C.    *BIG ASH, INC. corporate structure*

BIG ASH, INC. acknowledges that, as a corporate entity, it can only act through its officers and agents and that generally under Federal criminal law it can be vicariously liable for acts of its officers and agents. On and before January 10, 2005, Peter T. Karfias was the president of BIG ASH, INC., James Sakkos was the treasurer / vice president, and Keith E. Martin was the general manager. Neither BIG ASH INC., nor any of its officers, agents, or employees was, or ever had been, a duly licensed wholesaler or distributor of cigarettes in the State of Washington.

    6.    <u>Waiver of Inadmissibility of Statements</u>:

BIG ASH, INC. agrees that, if it withdraws its plea of guilty, the corporation waives the inadmissibility of statements, if any, made by and through its agents in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). The Defendant agrees further that any such inadmissible statements also include those statements made at the change of plea hearing to establish facts sufficient for the Court to accept its plea of guilty. The Defendant agrees that this

Plea Agreement - 6
P90923dw JHA2.wpd

waiver permits the United States to move for the introduction into evidence of any such inadmissible statements in its case-in-chief.

7. **The United States Agrees to File No Additional Charges:**

The United States Attorney's Office for the Eastern District of Washington agrees to file no additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement, and arising out of and attendant to the illegal activity charged in the Information, unless Defendants breach this Plea Agreement any time before or after sentencing.

8. **United States Sentencing Guideline Calculations:**

The United States and BIG ASH, INC. acknowledge that the final Sentencing Guidelines calculations will be determined by the Court, with input from the United States Probation Office. The United States and the Defendant reserve the right to advise the Court and the United States Probation Office about the law and facts applicable to any sentencing issues.

The United States and BIG ASH, INC. acknowledge and agree that Chapter Eight of the Guidelines are applicable because the Defendant is a corporation. This Chapter of the Guidelines "offer incentives to organizations to reduce and ultimately eliminate criminal conduct by providing a structural foundation from which an organization may self-police its own conduct through an effective compliance and ethics program." USSG, Chapter Eight, Introductory Commentary.

The United States and BIG ASH, INC. acknowledge and agree that the Court must consider whether, and the extent to which, the imposition of a fine, restitution and/or a term of probation are appropriate. *See* USSG, Chapter 8, et seq.

   *A. Fine*

The United States acknowledges that BIG ASH, INC. will argue that it cannot and is not likely to become able to pay a fine and that no fine should not be

Plea Agreement - 7
P90923dw JHA2.wpd

imposed. *See* USSG § 8C2.2. The United States reserves the right to oppose such an argument and the right to argue that the Court impose a $5,000 fine based, in part, on a financial declaration submitted by BIG ASH, INC.'s president showing it to be a registered Illinois corporation possessing few significant assets and on the Defendant's agreement to forfeit all right, title, and interest in the property that was seized in this matter. *See infra.*

B. *Restitution*

The United States acknowledges that BIG ASH, INC. will argue that it cannot and is not likely to become able to pay restitution (*see* USSG § 8C2.2.) and that, in any event, no restitution should not be imposed because the cigarettes seized on January 10, 2005, never entered commerce prior to the seizure and, therefore, no tax revenue was lost by the State of Washington. *Cf.* USSG 8B1.1, et seq.

In all events, the United States and BIG ASH, INC. agree that an order of restitution, if any, should take into consideration the dollar amount of the Defendant's forfeiture and abandonment as set forth in this Plea Agreement. *See infra.*

C. *Probation*

The United States and BIG ASH, INC. agree to recommend that the Court impose a five-year term of probation to include the following special conditions, in addition to the standard conditions of probation:

(1) that the Defendant provide financial information, provide copies of Federal income tax returns and allow credit checks, as directed by the assigned Probation Officer; and

(2) that the Defendant shall disclose all assets and liabilities to the assigned Probation Officer and shall not transfer, sell, give away, or otherwise convey or secret any asset, without the advance prior approval of the Probation Officer until

such time as any fine imposed, the penalty assessment, and/or restitution have been paid.

9. **Mandatory Special Penalty Assessment**:

BIG ASH, INC. agrees to pay the mandatory $400 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

10. **Forfeiture/Abandonment**:

BIG ASH, INC. agrees to withdraw any and all claims that have been submitted and/or could be submitted in the civil forfeiture proceeding in *United States v. 3,930,000 Cigarettes, et al*, CV-05-0060-LRS. The Defendant further agrees to execute any and all forms necessary to effectuate the completion of the civil forfeiture action, and to forfeit / abandon in favor of the United States all right, title, and interest in the below-listed assets:

1) Sale proceeds in the amount of approximately $188,000.00 that was derived from the interlocutory sale of three million nine hundred thirty thousand (3,930,000) cigarettes of assorted brands; and,

2) One Ford F-650 Diesel Truck, VIN 3FRNX65244V604102, Illinois License Number 22507K.

The Defendant further agrees to release and to hold the United States, its officers, agents, employees, heirs, successors, or assigns, including, but not limited to, the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and the Internal Revenue Service, Criminal Investigations Division, their agents and employees, harmless from any and all claims of every kind and nature that the Defendant believes it may have or could make arising out of the investigation and/or prosecution of charges, and/or the seizure, and forfeiture of property covered by this agreement.

Plea Agreement - 9
P90923dw JHA2.wpd

The Defendant also agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds.

The Defendant warrants that it is the sole owner of all of the assets listed in this Plea Agreement, and that no one else has an interest in the assets listed in this Plea Agreement. The Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, abandonment, or forfeiture of any asset covered by this agreement.

To the extent applicable, the Defendant, BIG ASH, INC., agrees not to contest any administrative forfeiture proceedings initiated against the above-listed assets by any law enforcement agency and waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets listed in this Plea Agreement.

11.  **Additional Violations of Law Can Void Plea Agreement**:

BIG ASH, INC. and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever.

12.  **Waiver of Appeal Rights**:

In return for the concessions that the United States has made in this Plea Agreement, which specifically includes the United States not filing additional criminal charges in the Eastern District of Washington in connection with this case, BIG ASH, INC. agrees to waive its right to appeal its convictions or sentence. The Defendant further expressly waives its right to file any post-conviction motion attacking his convictions and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of

counsel based on information not now known by the Defendant and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes the sentence.

13. <u>Integration Clause</u>:

The United States and BIG ASH, INC. acknowledge and agree that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

James A. McDevitt
United States Attorney

_____     9/24/09
Joseph H. Harrington                   Date
Assistant U.S. Attorney


_____     _____
Jerry Ackerman                          Date
Special Assistant U.S. Atty.


I am Corporate Counsel for BIG ASH, INC. and I have the legal and duly-authorized authority to act on behalf of the corporation in connection with this

Plea Agreement - 11
P90923dw JHA2.wpd

Plea Agreement. I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with BIG ASH, INC.'s officers/directors. I understand and voluntarily enter into this Plea Agreement on behalf of the Defendant. Furthermore, I have consulted with corporate and criminal attorneys about the Defendant's rights, I understand those rights, and I am satisfied with the representation of BIG ASH, INC. in this case. No other promises or inducements have been made to the corporation, other than those contained in this Plea Agreement, and no one has threatened or forced the corporation in any way to enter into this Plea Agreement. The corporation is agreeing to enter a guilty plea because the corporation is guilty.

_____  Attorney at law    9/24/09
BIG ASH, INC.,                   WSBA 24749         Date
Defendant
   by and through:
   David Groesbeck, Corporate Counsel

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____                      9/24/09
David Groesbeck              Attorney at law          Date
Attorney for the Defendant   WSBA 24749

Plea Agreement - 12
P90923dw JHA2.wpd

# RESOLUTION OF THE BOARD OF DIRECTORS
# OF
# BIG ASH FINE CIGARS & TOBACCOS, INC.
### An Illinois Corporation

I, the undersigned, being a Director of Big Ash Fine Cigars and Tobaccos, Inc., an Illinois corporation (herein the "Corporation"), having met and discussed the business herein set forth, have unanimously:

RESOLVED, that the attorney for this Corporation, David J. Groesbeck of David J. Groesbeck, P.S., be and hereby is authorized to enter into a Plea Agreement, in substantially the same form which is attached hereto, in the name and on behalf of this Corporation, upon such terms and conditions as may be agreed upon between David J. Groesbeck, attorney, and the United States of America.

DATED THIS 23rd day of September, 2009.

_____
Peter T. Karfias, Director and
Chairman of the Board

# RESOLUTION OF THE SHAREHOLDERS
# OF
# BIG ASH FINE CIGARS & TOBACCOS, INC.
### An Illinois Corporation

I, the undersigned, being a Shareholder of Big Ash Fine Cigars and Tobaccos, Inc., an Illinois corporation (herein the "Corporation"), having met and discussed the business herein set forth, have unanimously:

RESOLVED, that the attorney for this Corporation, David J. Groesbeck of David J. Groesbeck, P.S., be and hereby is authorized to enter into a Plea Agreement, in substantially the same form which is attached hereto, in the name and on behalf of this Corporation, upon such terms and conditions as may be agreed upon between David J. Groesbeck, attorney, and the United States of America.

DATED THIS 23rd day of September, 2009.

_____
Peter T. Karfias, Shareholder